37971. FARRAR, by Next Friend *v.* SOUTHERN
BELL TELEPHONE & TELEGRAPH COMPANY.

DECIDED NOVEMBER 23, 1959—REHEARING DENIED
DECEMBER 8, 1959.

*William A. Thomas,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Thomas C. Shelton,* contra.

FELTON, Chief Judge. This was an action to recover for personal injuries alleged to have been suffered by the five-year-old plaintiff as a result of the negligence of the defendant when the plaintiff attempted to cross the intersection of Fair and Ashby Streets in the City of Atlanta and while he was in the crosswalk near the southwest corner of the intersection of said streets. The special ground of the amended motion for a new trial complains of that part of the court's charge which paraphrased Traffic Ordinance of the City of Atlanta, § 88-501 (a). The court charged the said ordinance which is as follows: "§ 88-501 Pedestrians' Right of Way: (a) The driver of any vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked cross-walk, or within any unmarked crosswalk at the end of a block, except at intersections, where the movement of traffic is being regulated by a police officer or traffic control signals or at any point where a pedestrian tunnel or overhead crossing has been provided." The paraphrasing of the said ordinance by the court is as follows: "In other words, this subsection (a) of § 88-501, affecting the yielding by a driver of any vehicle of the right of way to a pedestrian crossing the roadway within any marked cross-walk or any unmarked crosswalk, does not apply to intersections where the control of traffic is regulated by traffic-control signals." The evidence in this case was undisputed that a traffic-control signal was in operation at the intersection involved in this case. The court did not err in its paraphrasing of § 88-501 (a). This seems to be too ob-

vious for discussion as a simple reading of the ordinance and the judge's paraphrase shows that they mean exactly the same thing as applied to the intersection in this case.

The purported exception to the failure of the court to charge the City Traffic Ordinance, § 88-502, is without merit for the reasons that the court did not approve the statement of fact or contention in the special ground that said ordinance was not given in charge and the record shows that the court did in fact give said ordinance in charge to the jury. If the plaintiff in error had desired a more elaborate charge with respect to this latter ordinance, a written request therefor should have been made.

The court did not err in overruling the special ground of the amended motion for a new trial. The general grounds were abandoned and no ruling is made on them.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*